Argued 12 January, decided 6 February, 1905.

## DAVID *v.* MOORE.

79 Pac. 415.

WAIVING GENERAL DEMURRER BY ANSWERING.
1. Under the Oregon practice the objection that a cause of action is not stated in the complaint is not waived by answering: B. & C. Comp. § 72.

FALSE REPRESENTATIONS—SUFFICIENCY OF COMPLAINT.*
2. A complaint in which is charged the making of a contract whereby defendant, for a valuable consideration, was to show plaintiff a piece of vacant public land, title to which he could secure by complying with the homestead law, and that the land to which he was taken was not vacant, and he was unable to obtain it as a homestead because of mining claims thereon, shows a cause of action for false representations.

ACTION AGAINST BROKERS FOR FALSE REPRESENTATIONS AS TO LAND PRO-
    CURED FOR THEIR PRINCIPAL.
3. An action by a purchaser of land against the broker through whom he bought, for falsely representing the nature and title of the property, is not analogous to an action for breach of a covenant for quiet enjoyment, in the sense that no action can be maintained until there has been an ouster, for the broker is not a vendor.

FRAUDULENT MISREPRESENTATIONS—CAVEAT EMPTOR.
4. The rule that a party is bound by his conduct, based on personal knowledge or on available information, does not apply to cases where a vendor of real property makes representations concerning which the pur-

*NOTE.—See the following cases and annotations on this subject: *Hedin* v. *Minneapolis Med. & Surg. Inst.* 35 L. R. A. 417, with long note, Expression of Opinion as Fraud: s. c. 54 Am. St. Rep. 628; *Fargo Gas & Coke Co.* v. *Fargo Gas & Elec. Co.* 37 L. R. A. 593, with note, Right to Rely on Representations Made to Effect a Contract; *Stackpole* v. *Hancock,* 45 L. R. A. 814; *Cottrill* v. *Krum,* 18 Am. St. Rep. 549; *Prewitt* v. *Trimble,* 36 Am. St. Rep. 586; *Kountze* v. *Kennedy,* 49 Am. St. Rep. 651, 29 L. R. A. 360; *Nash* v. *Minnesota T. I. & T. Co.* 47 Am. St. Rep. 489, 28 L. R. A. 753; *Boddy* v. *Henry,* 53 L. R. A. 769 (with briefs); *Henry* v. *Dennis,* 85 Am. St. Rep. 365, with monographic note, Liability for Misrepresentations Directly and Indirectly Made to the Complaining Party.          REPORTER.

chaser has neither knowledge nor means of knowledge. This is an instance: Where defendant was employed to find plaintiff unclaimed government land which he could locate as a homestead, and showed plaintiff a tract which he was unable to secure because it was already claimed as mineral land, the fact that there were evidences of mining claims on the land when plaintiff examined it does not prevent plaintiff from suing for breach of contract,. defendant having falsely represented that the mining claims had long since been abandoned, and would be no obstacle to securing the land as a homestead,. and plaintiff being wholly unfamiliar with mines.

FALSE REPRESENTATIONS—DEFENSES.

5. The non-mineral affidavit filed by plaintiff in making his homestead entry does not prevent him from suing defendant, whom he had employed to locate him on public land, for false representations in relation to such location, where plaintiff testified that he made such affidavit relying on the representations made by defendant.

INSTRUCTION AS TO RELIANCE ON FALSE REPRESENTATIONS.

6. In an action for false representations in locating plaintiff on public land, an instruction, "If you find these representations were made, and that they were false, and that defendant knew them to be false, and that plaintiff relied on them, plaintiff would be entitled to recover," is not subject to the objection that it omits the element of belief of the representations on plaintiff's part, for reliance necessarily implies belief.

OPINION AS A FALSE REPRESENTATION.

7. Defendant was employed to select plaintiff a parcel of public land which he could locate as a homestead, and, in an action for false representations as to mineral claims on the parcel selected, the court instructed that "a statement or conversation which simply expressed the opinion of defendant as to whether or not there was a mining claim, or that it had been abandoned or forfeited, would not be a misrepresentation of a fact such as would entitle plaintiff to recover." *Held,* to be as favorable to defendant as he could reasonably expect.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by A. L. David against William and Nicholas Moore to recover damages for alleged false and fraudulent representations. The complaint avers that on February 24, 1903, plaintiff entered into a contract with the defendants whereby, in consideration of $125 and the payment of their expenses, they agreed to locate plaintiff upon a desirable quarter section of vacant public land, the title to which he could secure from the United States by complying with the requirements of the homestead law; that on the next day they represented to him that they had found a tract of such land, upon which there were no mining claims, and if any had ever been located thereon, they had been abandoned, and would not interfere with the filing of a homestead on the premises; that plaintiff knew nothing about locating government lands, or how to retrace the surveys or to find the corners thereof, but employed the defendants to perform such service for him and believed in and relied upon their statements

and representations in reference thereto, and that, induced thereby, he paid them the sum agreed upon, and their expenses of $15, and thereupon filed a homestead on the land so selected, paying as government fees therefor the sum of $22; that after making such entry plaintiff discovered on the land embraced in his homestead six valid and subsisting mining claims, of twenty acres each, which had been worked for their mineral deposits for many years, and that by reason thereof he was prevented from establishing his residence on the premises and from making his final proof; that at all the times mentioned the defendants had notice of the existence of the mineral locations, and knew they were situated on the land embraced in his homestead; and that their representations were false, and so known to be by them, and were intended to mislead and deceive the plaintiff, who, upon the discovery thereof, demanded the repayment of the money they had received from him, and of the damages he had sustained, but they refused to comply therewith. The answer denied the material allegations of the complaint, and, for a further defense, averred that defendants agreed to show plaintiff about one hundred and sixty acres of government lands, upon which he could file a homestead; that, in pursuance of such contract, they went with him and showed him a tract of public land of the kind desired, and he thereupon paid them the sum specified and entered the land; that at the time he secured his homestead right he also filed in the local land office his non-mineral affidavit, in which he deposed that he was well acquainted with the character of each legal subdivision of the land applied for, and that the same to his knowledge did not contain any valuable mineral deposit, and that no part of the land was claimed for mining purposes or worked for mineral during any part of the time; and that by reason of making such affidavit he is estopped to assert that he accepted the land upon defendants' representations. The reply put in issue the allegations of new matter in the answer, and, a trial being had, judgment was rendered against defendants for the sum of $160, and they appeal.                                        AFFIRMED.

For appellant there was an oral argument by *Mr. Dexter Rice,* with a brief to this effect:

I. For the purpose of testing the complaint in cases like this, a rule analagous to that in actions for breach of covenant for quiet enjoyment is applicable, and the parties occupy the relation of vendor and purchaser (the locator the vendor, and the entryman the purchaser), subject to the duties and obligations imposed upon the entryman by the United States homestead law. The entryman cannot complain until after an actual ouster or surrender to one having paramount title: *Burt* v. *Dewey,* 40 N. Y. 283-286 (100 Am. Dec. 482); *Sweetman* v. *Prince,* 26 N. Y. 224-233; Beach, Contracts (ed. 1897), p. 359; Sutherland, Damages, p. 2575.

II. The statement that the previous location of the alleged mining claims prevents plaintiff from establishing his residence thereon is not a sufficient allegation of ouster or paramount title to support an action for breach of contract, the breach must be charged in unequivocal terms: Beach, Contracts, 2215; *Poier* v. *Gravel,* 88 Cal. 79.

III. The plaintiff and his agent were shown the ditch, the tunnel and the section corners, and they had every opportunity of ascertaining the facts. If they did not avail themselves of the means of knowledge at hand, plaintiff should not now be heard to say that he was deceived: *Slaughter's Admr.* v. *Gerson,* 80 U. S. (13 Wall.) 379, 383; *Farnsworth* v. *Duffner,* 142 U. S. 43 (12 Sup. Ct. 164); *Farrar* v. *Churchill,* 135 U. S. 609 (10 Sup. Ct. 771); *Wimer* v. *Smith,* 22 Or. 469, 479 (30 Pac. 416); *Kircher* v. *Conrad,* 9 Mont. 191 (18 Am. St. Rep. 731).

For respondent there was an oral argument by *Mr. J. A. Buchanan,* with a brief over the names of *Commodore S. Jackson, J. A. Buchanan* and *John T. Long,* to this effect.

1. Where the parties stand on an unequal footing, and the one making the representations is an expert in the matter in hand, or has means of knowledge not open to the other, such representations, if false, are fraudulent: *Clough* v. *Adams,* 71 Iowa, 17; *Fishback* v. *Miller,* 15 Nev. 428; *Schwenk* v. *Naylor,* 102 N. Y. 683; *Jackson* v. *Armstrong,* 50 Mich. 65; *Haygart* v.

*Wearing,* L. R. 12 Eq. 320; *Allen* v. *Millison,* 72 Ill. 201; *Eaton* v. *Winnie,* 20 Mich. 156 (4 Am. Rep. 377); *Mitchell* v. *Zimmerman,* 4 Tex. 75 (51 Am. Dec. 717); *Hanger* v. *Eirus,* 38 Ark. 334.

2. Positive proof of fraud is not required; it may be deduced from circumstances affording a strong presumption: *Elfelt* v. *Hinch,* 5 Or. 255; *Keel* v. *Levy,* 19 Or. 450 (25 Pac. 253); *McDaniel* v. *Baca,* 2 Cal. 326 (46 Am. Dec. 339); *Briscoe* v. *Bronaugh,* 1 Tex. 326 (46 Am. Dec. 108); *White* v. *Trotter,* 14 Smedes & M. 30 (53 Am. Dec. 112).

3. Misrepresentations of material matters recklessly made as of one's own knowledge, without in fact knowing whether they are true or not, renders the maker liable to one who relies and acts thereon to his injury: *Cawston* v. *Sturgis,* 29 Or. 331 (43 Pac. 656); *Munroe* v. *Pritchell,* 16 Ala. 785 (50 Am. Dec. 203); *Einstein* v. *Marshall,* 58 Ala. 153 (29 Am. Rep. 729); *Clark* v. *Dunham Lumber Co.* 86 Ala. 220; *Hanger* v. *Evins,* 38 Ark. 334; *Johnson* v. *St. Louis Butchers' Supply Co.* 60 Ark. 387; *Mayer* v. *Salazar,* 84 Cal. 646; *Sellar* v. *Clelland,* 2 Colo. 532; *Lahay* v. *City Nat. Bank,* 15 Colo. 339 (22 Am. St. Rep. 407); *Wheeler* v. *Baars,* 33 Fla. 696; *Bennett* v. *Terrell,* 20 Ga. 83; *Smith* v. *Dudley,* 69 Ga. 78; *United States* v. *Camp* (Idaho), 10 Pac. 227; *Case* v. *Ayers,* 65 Ill. 142; *Wightman* v. *Tucker,* 50 Ill. App. 75; *Frenzel* v. *Miller,* 37 Ind. 1 (10 Am. Rep. 62); *Krewson* v. *Cloud,* 45 Ind. 273; *Gregory* v. *Schoenell,* 55 Ind. 101; *West* v. *Wright,* 98 Ind. 335; *Furnas* v. *Friday,* 102 Ind. 129; *Prewett* v. *Trimble,* 92 Ky. 176 (36 Am. St. Rep. 586); *McAleer* v. *Horsey,* 35 Md. 439; *Lobdell* v. *Baker,* 1 Met. (Mass.) 193 (35 Am. Dec. 358); *Stone* v. *Denny,* 4 Met. (Mass.) 151; *Cheatham Furnace Co.* v. *Moffatt,* 147 Mass. 403 (9 Am. St. Rep. 727); *Fisher* v. *Mellen,* 103 Mass. 503; *Burns* v. *Dockray* (Mass.), 36 N. E. 551; *Beebe* v. *Knapp,* 28 Mich. 53; *Starkweather* v. *Benjamin,* 32 Mich. 305; *Halcom* v. *Noble* (Mich.), 37 N. W. 497; *Humphrey* v. *Merriam,* 32 Minn. 197; *Busterud* v. *Farrington,* 36 Minn. 320; *Haven* v. *Neal,* 43 Minn. 315; *Sims* v. *Eiland,* 57 Miss. 83; *Caldwell* v. *Henry,* 76 Mo. 254; *Hamlin* v. *Abell,* 120 Mo. 188 (25 S. W. 516); *Phillips* v. *Jones,*

12 Neb. 213; *Leavitt* v. *Sizer* (Neb.), 52 N. W. 832; *Bennett* v.
*Judson,* 21 N. Y. 238; *Kountze* v. *Kennedy,* 147 N. Y. 124 (49
Am. St. Rep. 651, 29 L. R. A. 360) ; *Craig* v. *Ward,* 36 Barb.
(N. Y.) 377; *Sharp* v. *New York,* 40 Barb. 256; *Aetna Ins. Co.*
v. *Reed,* 33 Ohio St. 283; *Erie City Iron Works* v. *Barber,* 106
Pa. St. 125; *Hexter* v. *Bast,* 125 Pa. 52 (11 Am. St. Rep. 874) ;
*Griswold* v. *Gebbie,* 126 Pa. 353 (12 Am. St. Rep. 878) ; *Howard*
v. *Gould,* 28 Vt. 523 (67 Am. Dec. 728) ; *Twitchell* v. *Bridge,* 42
Vt. 72; *Cabot* v. *Christie,* 42 Vt. 121 (1 Am. Rep. 313) ; *Bird*
v. *Kleiner,* 41 Wis. 134; *Cotzhausen* v. *Simon,* 47 Wis. 103;
*Montreal River Lumber Co.* v. *Mihills,* 80 Wis. 540; *Cameron*
v. *Mount,* 86 Wis. 477 (22 L. R. A. 512) ; *Cooper* v. *Schlesenger,*
111 U. S. 147; *Lynch* v. *Mercantile Trust Co.* 18 Fed. 486;
*Glaspie* v. *Keater,* 56 Fed. 203; *Nevada Bank* v. *Portland Nat.
Bank,* 59 Fed. 338.

4. If a person makes a false representation under such cir-
cumstances that he ought to know whether it is true or false,
knowledge of its falsity may be implied: *Wheeler* v. *Baars,* 33
Fla. 696; *Thorne* v. *Prentiss,* 83 Ill. 99; *Ruff* v. *Jarrett,* 94 Ill.
475; *Hubbard* v. *Weare,* 79 Iowa, 678; *Foard* v. *McComb,* 12
Bush (Ky.), 723; *Hexter* v. *Bast,* 125 Pa. 52 (11 Am. St. Rep.
874).

5. The covenant for quiet enjoyment is not broken until there
has been a lawful eviction by paramount title. Such eviction
need not, however, be by process of law. If a valid claim is
made by a third person under a title paramount, the plaintiff
may voluntarily yield up possession, assuming the burden of
proving that the person entering had title paramount: *Sweetman*
v. *Prince,* 26 N. Y. 233; *Greenvault* v. *Davis,* 4 Hill, 643; *St.
John* v. *Palmer,* 5 Hill, 599; *Fowler* v. *Poling,* 6 Barb. 165;
*Hamilton* v. *Cutts,* 4 Mass. 349 (3 Am. Dec. 222).

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended by defendants' counsel that the court erred in
overruling a demurrer to the complaint. It is argued that the
plaintiff alleged he entered into a contract with the defendants
whereby they were to locate him on a piece of government land,
the title to which he could secure by making final proof in sup-

port of his entry; that the complaint shows that they kept their part of the agreement, but he refused to settle on the land, alleging his discovery of the mining claims thereon as an excuse for his failure to comply with the requirements of the homestead law; and that it does not follow that, because mining claims are located on government land, it is mineral in character to such an extent as to render it not open for settlement.

1. After the demurrer was overruled, defendants answered over, and, having done so, the only question to be considered is whether or not the complaint states facts sufficient to constitute a cause of action, which defect is never waived. See B. & C. Comp. § 72.

2. The complaint sets out the contract entered into by the parties, whereby defendants, in consideration of $125, were to show plaintiff a piece of vacant public land, and that the land to which he was taken was not vacant, by reason of the mining claims thereon, and alleges such misrepresentations in respect to these claims as to excuse plaintiff from performing his part of the agreement: *Long Creek Build. Assoc.* v. *State Ins. Co.* 29 Or. 569 (46 Pac. 366); *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888); *Durkee* v. *Carr,* 38 Or. 189 (63 Pac. 117).

3. It is further insisted that in an action of this kind a rule analogous to that controlling in actions for breach of covenant for quiet enjoyment is applicable, wherein the defendants, as locators, occupy the relation of vendors, and the plaintiff, as a homestead entryman, that of purchaser, subject to the paramount right of the United States, and to the duties and obligations imposed by the provisions of the acts of Congress in relation to the disposal of public lands, and that, invoking this principle, plaintiff is precluded from maintaining an action until after an actual ouster or a surrender to one having a paramount title, and the complaint, having failed to allege an expulsion or a relinquishment, did not state facts sufficient to constitute a cause of action, and hence the court erred in overruling the demurrer. The defendants are not vendors, in any sense of the term, nor do they represent the United States, the owner in fee of the premises, in the sale or disposal of its lands, but they are real estate

brokers, employed by plaintiff to secure for him public lands suitable for establishing his home thereon, and free from mining claims. If an action had been brought by them against him to secure the commission agreed upon, they could not have recovered the stipulated compensation unless they could have proved that the land pointed out to him corresponded with the terms of the contract. Because they have received the money they claim to have earned is no reason the sum should not be restored to him, if it was secured in consequence of their fraudulent representations. The complaint alleges that the money was obtained in this manner, and avers the relation existing between defendants and plaintiff, thereby stating facts sufficient to constitute a cause of action, and no error was committed in overruling the demurrer.

4. It is maintained by defendants' counsel that plaintiff's attention was called to a tunnel and to a ditch on the land to which he was taken; that the corners of the premises were pointed out to him, and, the means of knowledge as to the condition of the land being equal to each party, if he did not avail himself thereof he cannot now be heard to say that he was deceived by the alleged false representations. In *Slaughter's Admr.* v. *Gerson,* 80 U. S. (13 Wall.) 379 (20 L. Ed. 627), it was held that where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not take advantage of the means and opportunities thus afforded him he will not be heard to say, in impeachment of the contract of sale, that he was deceived by the vendor's misrepresentations. In the case at bar the plaintiff visited the land which he sought to enter, in company with one of the defendants, who, as plaintiff testified, told him, in referring to a ditch they found thereon, that it had once been used for mining purposes, but that it had for a long time been abandoned, and that he made the same representations in respect to a tunnel which the plaintiff was then unable to say was within the boundaries of the land, but which he afterwards discovered was embraced in his homestead entry. The rule of caveat emptor applies only in cases where a party alleged to

have been deceived by the false representations of his adversary has full means of knowing the truth, and has acted in the transaction on his own judgment: *Wimer* v. *Smith,* 22 Or. 469 (30 Pac. 416) ; *Cawston* v. *Sturgis,* 29 Or. 331 (43 Pac. 656). This rule does not apply, however, to a case where the seller of real property makes representations in respect to matters of which the buyer has no knowledge, and no means at hand of obtaining knowledge: *Fishback* v. *Miller,* 15 Nev. 428; *Mitchell* v. *Zimmerman,* 4 Tex. 75 (51 Am. Dec. 717). Where one assumes to have knowledge of a subject of which another may be ignorant, and knowingly makes false representations regarding it, upon which the other relies to his injury, the party who makes such statements will not be heard to say that the person who took his word, and relied upon it, was guilty of such negligence as to be precluded from recovering compensation for injuries which were inflicted on him under cover of the falsehood: *Eaton* v. *Winnie,* 20 Mich. 156 (4 Am. Rep. 377). The plaintiff's testimony is to the effect that none of the mining claims located on the premises in question were being operated when he visited the premises, and that he was a recent immigrant to the State, and unacquainted with the working of auriferous placer or quartz mines. The means of knowledge in relation to the condition of the land were not equal to both parties, and plaintiff having testified that the defendant who showed him the premises told him that the ditch and tunnel they saw had long prior thereto been abandoned, thereby lulled the plaintiff to security; and the rule insisted upon is not applicable in such a case.

It is contended by defendants' counsel that the testimony fails to show that plaintiff relied or acted upon the representations of the defendants, or believed them to be true, and hence the court erred in refusing to grant a judgment of nonsuit. In *Anderson* v. *Adams,* 43 Or. 621 (74 Pac. 215), it is said: "To constitute a fraud by false representations, so as to entitle the plaintiff to relief, three things must concur: (1) There must be a knowingly false representation; (2) The plaintiff must have believed it to be true, relied thereon, and have been deceived thereby; and (3) that such representation was of matter relating

to the contract about which the representation was made, which, if true, would have been to plaintiff's advantage, but, being false, caused him damage and injury." No good purpose can be subserved in quoting from or commenting on the testimony given by plaintiff, which, in our opinion, fully sustains each of the elements stated in the rule quoted.

5. In support of the motion for a judgment of nonsuit, much stress is laid on plaintiff's nonmineral affidavit, the filing of which was a necessary prerequisite to the making of the homestead entry. The testimony given by him tends to show that he had no knowledge of mining or of mineral lands, and that, relying on the representations made to him by one of the defendants in relation to the abandonment of what was claimed to have been mere "prospecting," the affidavit in question was made. This written declaration under oath cannot prejudice plaintiff's right to recover the damages sustained, if he relied, for the information it contained, upon the representations so made to him, which fact it was the province of the jury to determine, and no error was committed in submitting that question to them.

6. It is maintained that the court erred in giving the following instruction, to which an exception was taken, to wit:

"(12) If you find that these representations were made, and that they were false, and that the defendants, or one of them, knew them to be false, and that the plaintiff relied upon them, then there would be another question for you to determine. The plaintiff would be entitled to recover some damages, and then it would be necessary for you to determine what damages the plaintiff should recover."

The objection to this part of the charge is that it omits the element of belief. A reliance upon the representation of a person in respect to any fact necessarily implies a belief in the truth of the statement thus made, for, unless such representation is believed to be true, no reliance is placed thereon. The word "relied," as used by the court in the language complained of, implies a belief, and this instruction is not subject to the objection interposed.

· 7. It is also claimed that the court erred in giving the following instruction, to which an exception was reserved, to wit:

"(15) The evidence in this case tends to show, gentlemen of the jury, that these parties had some kind of an agreement in regard to locating of the plaintiff on lands which he desired to settle upon and secure as a homestead, and tends to show that the defendant represented that he knew of a piece of land which plaintiff could settle upon, and that he took plaintiff out to this place and showed him the land, and while they were there it appears that there were some indications of mining having been carried on on the premises, and some conversation took place there about that. Now, a statement or conversation which simply expressed the opinion of the defendant in regard to the question as to whether or not there was a mining claim, or that it had been abandoned or forfeited, would not be a misrepresentation of a fact, such as would entitle the plaintiff to recover, if he simply gave a statement as to what he deemed the law in regard to that matter."

None of the testimony given by the defendants or their witnesses is incorporated in the bill of exceptions, in the absence of which it must be presumed that the part of the charge under consideration was applicable to their theory of the action. It is reasonably inferable from this instruction that the defendants may have concluded, because the right to the mining claims was not properly initiated, that the necessary development work had not been performed, or that the operation of the mines had been discontinued for such a length of time as to render them invalid, and that the representations in relation thereto were not statements of what purported to be facts involved, but amounted to an opinion concerning the law applicable thereto. In any view of the case, however, we are of the opinion that the parts of the charge to which exceptions were saved are as favorable to the defendants as they had a right to ask or could reasonably expect.

Believing, as we do, that plaintiff was ignorant of the kind of property which he inspected, that he relied on defendants' representations in respect to the abandonment of the mining claims, and was deceived thereby to his injury, and that this cause was fairly tried, the judgment is affirmed.        · Affirmed.