Argued July 7, affirmed July 28, rehearing denied September 29, 1914.

## CORBY *v.* HULL.

### (143 Pac. 639.)

**Fraud—Elements in General—"Actionable Fraud."**

1. To recover damages for false representations, the plaintiff must show a knowingly false representation, that he believed it to be true, relied thereon, and has been deceived thereby, and that the representation was of a matter relating to the contract, and, if true, would have been to plaintiff's advantage, but, being false, resulted in damages.

> [As to actions to recover for false representations, see note in 18 Am. St. Rep. 555.]

**Trial—Taking Question from Jury—Nonsuit.**

2. On a motion for nonsuit, the evidence for plaintiff, together with all inferences legitimately deducible therefrom, must be regarded as true.

**Fraud—Actions—Sufficiency of Evidence.**

3. Where, under the evidence, the jury might have found that statements had been made by one defendant to plaintiff in the presence of the other defendants that he knew the seller of a tract of land, that the seller had title and had been in possession until coming to Oregon, immediately prior to the interview, that the representations were false, that the representations were made with intent to deceive, and plaintiff relied thereon and was deceived, to his damage, a motion for nonsuit was properly denied.

**Fraud—Defenses—Defective Deed.**

4. That a deed omitted one boundary of the land, which fact was overlooked by the purchaser, does not affect the purchaser's right to recover damages for false representations in procuring sale of the land, since the purchaser could have maintained suit to correct the description, if the grantors had refused to execute another deed.

From Marion: PERCY R. KELLY, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by C. W. Corby against O. J. Hull, D. R. Amadon and C. W. Michael, the latter two being partners in a real estate business as the Home Land Company, to recover damages alleged to have been sustained by reason of false representations made to the plaintiff pursuant to the defendants' conspiracy to defraud him.  The cause, being at issue, was tried,

resulting in a judgment against the defendants for
$477, and Amadon and Michael appeal.

Affirmed. Rehearing Denied.

For appellants there was a brief with an oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief and an oral argument by *Mr. Grant Corby.*

Mr. Justice Moore delivered the opinion of the court.

It is contended that the testimony offered by the
plaintiff was insufficient to substantiate the averments
of the complaint, and, this being so, an error was committed in denying a motion for a judgment of nonsuit.
It appears from a transcript of all the testimony that
the plaintiff is an attorney, whose opinion was desired
by the defendant Hull as to the validity of a deed
signed and acknowledged April 25, 1912, by Robt. Connely and A. M. Connely, his wife, whereby, for the expressed consideration of "one dollar and exchange of
property," they purported to bargain, sell and convey
to —— a tract of land in Orange County, California,
describing the premises by metes and bounds, except
that the westerly border was omitted, and containing
10 acres, "conveying only the title by deed from S. H.
Williams to Robt. Connely, filed and recorded in Deed
Book 24, page 157, of Orange County, California.
This deed is executed and accepted conveying all interest the grantor received from S. H. Williams. It is
expressly understood and agreed with Robt. Connely
and A. M. Connely, the grantors of this deed, that the
grantee accepts the same, waiving any and all objection at law for every claim or error, taxes or tax

claims, or loss whatsoever of any kind in this transfer.'' This instrument was entitled ''Warranty Deed,'' in bold type, but a line in ink had been made over the printed words of the covenant in the deed to that effect. After examining the writing, the plaintiff informed Hull that, if Connely owned the land, the deed was sufficient to transfer the title. Corby did not, at that time, however, observe the omission in course and distance of the westerly border of the tract.

When the plaintiff gave this opinion, he was the owner in fee of a farm of 83⅓ acres in Yamhill County, Oregon, which he valued at $10,000 subject, however, to liens and encumbrances amounting to $8,000. Desiring to dispose of his equity in the premises, he had prior thereto asked Hull, who was a dealer in real property, to secure a purchaser of the farm. Subsequently, to wit, July 1, 1912, Hull, to whom the Connely deed had been delivered as the purchaser of the 10 acres of land, without inserting his name in the instrument as grantee, proposed to exchange the California land for the Oregon farm, telling Corby that Amadon and Michael were his agents; that they were well acquainted with Connely and could inform him about the property. Thereupon the plaintiff and Hull called upon the other defendants, to whom Corby was introduced, and Michael, in the presence of the others, said he was well acquainted with Connely, who had come to Oregon on account of his ill health, bringing with him the deed to the 10-acre tract, which land had never been seen by either of the defendants, that there was no question but that he owned the land, and that he had been in possession of the premises just prior to his coming to Oregon. On cross-examination the plaintiff testified.

"I relied upon the fact that Amadon and Michael told me, and Hull told me they were honest and upright, and [he] associated with them. * * Hull did tell me he had traded for ten acres in California and found it to be all right; and in that way it was recommending Amadon and Michael to me, and I thought this trade would be all right. * * I thought that I was dealing with men that would tell the truth."

Based upon such representations and reliance, Corby, at Hull's request, executed a deed of his farm to Mr. Geise, to whom the premises had been sold. In consideration therefor Hull delivered the deed of the 10 acres to the plaintiff, who, without having the instrument recorded or inserting his name as grantee, thereafter discovered that Connely had no title to the tract; whereupon Corby offered to return the deed which he had received; but, Hull being unable to secure a reconveyance of the farm, this action was instituted, and the deed to the California land was brought into court to be surrendered.

Duly authenticated copies of plats of land, including the 10-acre tract, were received in evidence, showing that the map was originally filed in Los Angeles County, California, and that the real property so represented was designated as block 9 of the "Kraemer Tract." The map was subsequently filed in Orange County of that state, and the block referred to was there indicated as a part of the "Golden State Tract." The deposition of Alfred W. Allen is to the effect that he had known the tract since December 4, 1905, when the title thereto was secured by the Ansheim Land Syndicate, of which he was the secretary, and that the land intended to be described as the 10-acre tract was included in the real property sold by his principal November 4, 1910, to Alice Clay, who was in possession

of the premises. In answer to the question, "Has Robert Connely, or A. M. Connely, his wife, ever been in possession of this land to your knowledge?" Allen replied, "No." It is proper to say that the defendants severally testified that Charles A. Ray brought to Oregon the deed of the California land; that all the representations they made to Corby were based upon information which they had received from Ray, as they then informed the plaintiff; and that they told him that they had never known Connely, and had no knowledge respecting the title to the California land, denying in every particular Corby's testimony relating to the alleged false representations.

1. The foregoing is thought to be a fair statement of the material testimony given by the plaintiff, and that it is sufficient to determine therefrom whether or not an error was committed as alleged. In an action or a suit of this kind, in order to entitle the plaintiff to relief, it must appear by averment and proof that the defendant made to him (1) a knowingly false representation; (2) that he believed it to be true, relied thereon, and had been deceived thereby; and (3) that such declaration was of a matter relating to the contract about which the representation was made, which narration, if true, would have been to the plaintiff's advantage, but, being false, he had sustained a loss, resulting in damages: *Anderson* v. *Adams,* 43 Or. 621, 627 (74 Pac. 215); *David* v. *Moore,* 46 Or. 148 (79 Pac. 415); *Bailey* v. *Frazier,* 62 Or. 142 (124 Pac. 643.)

2, 3. Upon a motion for a judgment of nonsuit, the testimony given by the plaintiff's witnesses, together with all the presumptions and inferences legitimately deducible therefrom, must be regarded as true: *Dillard* v. *Olalla Mining Co.,* 52 Or. 126 (94 Pac. 966, 96

72 Or.—28

Pac. 678); *Taylor* v. *Taylor,* 54 Or. 560 (103 Pac. 524); *Domurat* v. *Oregon-Washington Ry. & Nav. Co.,* 66 Or. 135 (134 Pac. 313). Based on this rule, the jury might have found that statements had been made to Corby by Michael, in the presence and hearing of Hull and Amadon, to the effect that he knew Connely; that the latter had title to the 10-acre tract; that he had been in possession thereof until coming to Oregon, immediately prior to the interview; that such representations were false in those particulars; that Michael knew he had no acquaintance with Connely, and that the latter had not been in Oregon at the time stated; that such representations were untrue; that they were made with intent to deceive the plaintiff; that he relied thereon, and was deceived thereby to his damage; that Amadon and Michael were the agents of Hull, whose business it was to negotiate an exchange of the property with the plaintiff; that Amadon, being present when his partner made the representations imputed to him, is liable, for it might have been reasonably inferred that he knew Connely had not personally conferred with Michael respecting a sale of the land, a business in which the firm was engaged.

A real estate agent, by truthfully stating to a contemplated purchaser that he never saw the land which he offers for sale, and then falsely representing to him material facts respecting the premises or the title thereto, which he knows is untrue, or of which he has no knowledge, ought not to be permitted to profit by such a transaction or allowed to escape the legal consequences of his unfair dealings.

4. Connely's deed is not so defective that an inspection thereof should defeat a recovery herein, for a suit to correct the description could have been maintained,

if the grantors had refused to execute another deed. There was sufficient testimony received herein to authorize a submission of the cause to the jury.

It follows that the judgment should be affirmed and it is so ordered.     AFFIRMED.     REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.