Argued January 29, affirmed February 9, rehearing denied March 9, 1915.

## FIELD v. HOOD RIVER ORCHARD LAND CO.

### (146 Pac. 98.)

**Vendor and Purchaser—Rescission—Fraud.**

1. Where plaintiff in Ohio was induced by defendant's agent to purchase certain land in Oregon on the false representation that the land was of the best quality for an apple orchard, when in fact the land was wholly unsuitable as defendant's agent either knew or made the statement recklessly, plaintiff could rescind.

[As to representations by vendor as to value of property, see notes in 15 Am. Rep. 382; 18 Am. St. Rep. 556.]

**Reference—Referees—Appointment to Examine Land.**

2. In the absence of express statutory authority, the court has no jurisdiction, in an action to rescind a contract for the sale of land for fraudulent representations as to its character, to appoint so-called referees to examine the land and report their findings to the court.

From Multnomah: HENRY E. McGINN, Judge.

Department 2. Statement by MR. JUSTICE McBRIDE.

This is a suit by T. H. Field against the Hood River Orchard Land Company, a corporation, to rescind a contract for the purchase of a tract of land in Hood River county. That part of the complaint which we deem material charges that defendant's agent represented to plaintiff, who then resided in the State of Ohio and had never seen the land in controversy, that said land was of the best quality for an apple orchard; that the depth of soil was not less than 3½ to 4 feet; that said representations were false and were known to be so by defendant at the time they were made, and were made with intent to deceive plaintiff and induce him to purchase the tract of land mentioned; that by reason of such representations he entered into the contract set forth in the complaint; that the tract was unsuitable for the cultivation of an apple orchard, and

not of the depth represented by defendant. The plaintiff had a decree, and defendant appeals.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. B. E. Youmans.*

For respondent there was a brief and an oral argument by *Mr. Elton Watkins.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

The complaint contains many charges of fraud and deception, which we omit, deeming some of them mere promises to perform certain acts in the future, the omission of which can be compensated in an action for damages, and others being so indefinite as not to state facts sufficient to constitute actionable fraud.

1. But from the whole testimony we are satisfied that the land was wholly unsuitable for an apple orchard, and that defendant's agent either knew this to be the case when he induced plaintiff to sign the contract, or made the statements recklessly, without caring whether they were true or false. Such statements, when made to one residing at such a distance from the land as to preclude personal examination, furnish ground for rescission of the contract, if relied and acted upon by the purchaser: 20 Cyc. 58, 59, and cases there cited; *Corby* v. *Hull,* 72 Or. 429 (143 Pac. 639).

2. In reaching our conclusion as to the deceit practiced upon plaintiff as to the character of the land, we have paid no attention to the report of the so-called referees appointed by the court to examine the land and report their findings to the court. No au-

thority can be found in our laws for such a proceeding; and while, perhaps, it would often serve a good purpose in cases of this character, it is a method too liable to abuse to permit its exercise, in the absence of some positive statute permitting it.

The decree of the Circuit Court is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN taking no part in the consideration of this case.