ORSON DUNNING, APPELLANT, *v.* J. L. CRESSON, RESPONDENT.

FALSE REPRESENTATIONS—WILL NOT AVOID CONTRACT, WHEN.—False representations made by one party to another to induce him to enter into a contract will not avoid the contract unless it is shown that the party complaining relied upon such representations and was thereby misled and induced to make said contract.

APPEAL from Coos County.

The facts are stated in the opinion of the court.

*Strahan and Burnett*, for appellant.

There was no appearance for respondent.

By the Court, PRIM, C. J.:

This is an action on a promissory note to recover thirty-four hundred dollars and interest. The note was executed by respondent, and made payable one year from date to William Utter or order, and indorsed and assigned by him to appellant.

The answer admits the execution of the note, but attempts to set up an entire failure of consideration as a defense. It is alleged that the consideration entirely failed in this: The note was given to Utter in consideration of the assignment by him of an account due him from the Isthmus Transit Railway Company, said Utter representing to respondent that said company was solvent, and that the account would be paid before the note became due, well knowing at the time that said railway company was insolvent. That said company has at all times failed and refused to pay the same, by reason of which it became valueless. It is further alleged, upon information and belief, that the plaintiff had full notice of the fraudulent

manner in which respondent was induced to execute the note. It is admitted that the note upon which this action is based was executed in consideration of an assignment of a certain account due William Utter from the railway company.

This, we apprehend, was a sufficient consideration to support the note in the absence of fraud on the part of the assignor; but the defense attempted to be set up is that there was an entire failure of consideration for the execution of the note by reason of the false and fraudulent representations by said Utter to respondent in relation to the solvency of the railway company. The answer alleges that Utter made representations which he well knew to be false, but does not allege that they were made with intent to defraud, nor that respondent was misled and induced by said representations to purchase said account and execute his note therefor. In this we think it is defective and insufficient to constitute a defense. The false statements of Utter could not have injured respondent unless he believed them, and was thereby misled and induced to purchase those accounts. Mr. Story, in commenting upon this subject, says, "The party must be misled by the misrepresentation, for if he knows it to be false when made, it cannot be said to influence his conduct, and it is his own indiscretion and not any fraud or surprise of which he has any just complaint to make under such circumstances." (1 Story Eq. Jur., sec 202.) This doctrine we think is fully sustained by the decision of this court in the case of Rolfes *v.* Russell, and the authorities therein cited: 5 Or. 400; 11 Wend. 314; 25 How. Pr. 398; 23 Mich. 399.

The conclusions of fact found by the court are defective in the same respect; and consequently insufficient to warrant the conclusion of law that there was an entire failure of consideration for the execution of the note in question. It follows from these views that the judgment of the court below is erroneous in this respect and must be reversed. It is therefore ordered that the judgment be reversed and the cause remanded for a new trial.

Judgment reversed.