Argued 2 July; decided 21 July, 1902.

## NOBLITT v. DURBIN.

[69 Pac. 685.]

STATEMENTS OF POSSESSOR OF CHATTEL AS EVIDENCE OF OWNERSHIP.

1. Where the subject of inquiry is the right of one in possession of chattels, his statements concerning his possession are competent as part of the *res gestae,* provided they explain or illustrate the character of his holding.

NARRATIVES OF PAST EVENTS—EVIDENCE AS TO THIRD PERSONS.

2. A statement by a person at the time of an act and explanatory thereof is often competent evidence, but not a statement made afterwards, when the rights of other persons are involved.

Registry of Chattel Ownership by Married Woman.

3. Hill's Ann. Laws, § 3000, providing that personal property not registered by a married woman shall be deemed *prima facie* to be the property of the husband, does not apply to property purchased by her after marriage, or acquired by gift from her husband.

From Marion: George H. Burnett, Judge.

This action was commenced October 22, 1900, by Mrs. R. L. Noblitt and C. F. Ziegler to recover from F. W. Durbin possession of certain personal property, consisting of horses, carriages, etc., used in a livery stable business. The plaintiffs, Mrs. Noblitt and Ziegler, allege that on July 13, 1900, they were and now are partners doing a general livery business at Hubbard, in Marion County, and as such were and are the owners and entitled to the possession of the property in controversy; that on the day named the defendant wrongfully, unlawfully, and without their consent took possession thereof, and has ever since retained the same. The defendant for answer denies that Mrs. Noblitt is a partner with Ziegler in the livery business, but alleges that her husband, W. Noblitt, is the real party in interest; that on July 19, 1900, he, as sheriff, attached Noblitt's interest in the property, to wit, an undivided one half thereof, by taking the whole into his possession, under a writ of attachment in an action brought against Noblitt, and retained the same until taken from him in this action. There is no controversy as to the regularity of the attachment proceedings, nor as to Ziegler's ownership of an undivided half of the property. The single question in dispute is whether the title to the other half belongs to the plaintiff Mrs. Noblitt or to her husband, the defendant in the writ of attachment. After the plaintiffs had given evidence at the trial tending to sustain the allegations of their complaint, the defendant called as a witness one W. H. Bair, who testified that in the fall of 1900 W. Noblitt was in possession of the business; that, upon witness hiring a team of him, he agreed that the amount charged therefor should be credited upon an indebtedness he owed the witness, and also promised that after the busy season was over he would apply a part of the property in controversy on such indebtedness. This testimony was stricken out by the court, on motion, because Nob-

litt's declarations were not made in the presence of his wife, and were therefore not binding on her. The defendant also called as a witness one G. W. Fisher, who testified that he was present when a bill of sale conveying an undivided one half of the property in controversy was executed by one Fryrear to Mrs. Noblitt; that she was not present at the time, but her husband paid the consideration, and transacted the business for her. The witness further said, in response to a question of defendant's counsel, that Mr. Noblitt told him he had a reason for having the bill of sale made in favor of his wife. Upon cross-examination, however, it was disclosed that Noblitt's statement on this subject was made a day or two after the bill of sale had been executed and delivered; whereupon the court struck out the testimony. At the conclusion of the evidence the defendant requested the court to charge the jury: (1) That, if Mrs. Noblitt had not made and filed a list of her personal property with the county clerk, her husband would be presumed to be the owner thereof, which presumption could only be overcome by affirmative evidence that she, and not her husband, owned the property; and (2) that if W. Noblitt was in charge of the livery stable with Ziegler, exercising acts of ownership over the property, he is to be considered the owner, unless Mrs. Noblitt shows by clear and satisfactory evidence that it belonged to her. The court refused to give the instructions as requested, and plaintiffs recovered judgment, from which the defendant appeals, assigning such refusal and the exclusion of the testimony as error.                    AFFIRMED.

For appellant there was a brief over the name of *Carson & Adams,* with an oral argument by *Mr. Loring K. Adams.*

For respondents there was a brief over the names of *Wm. M. Kaiser, Woodson T. Slater* and *Tilmon Ford,* with an oral argument by *Mr. Kaiser.*

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1. There was no error in striking out the testimony of the witness Bair, to the effect that he hired a team of Noblitt, and that the latter agreed that its hire should be credited on his individual debt, and he would subsequently turn over to Bair as a further credit thereon a part of the property in controversy. Where the nature of one's possession is a subject-matter of inquiry, his declarations concerning the title or explaining the character of his possession are admissible in evidence as part of the *res gestae (Bartel* v. *Lope,* 6 Or. 321; 1 Greenl. Ev. [15 ed.], § 109; *People* v. *Vernon,* 35 Cal. 49, 95 Am. Dec. 49, 70, note; *Lehmann* v. *Chapel,* 70 Minn. 496, 73 N. W. 402, 68 Am. St. Rep. 550); but this rule does not extend to the admission in evidence, as against third persons, of all statements made by a party in possession of property. To be admissible, they must be such as reflect light on or qualify the possession itself, or be so connected therewith as to illustrate its character. Thus, in *Martin* v. *Hardesty,* 27 Ala. 458 (62 Am. Dec. 773), a witness was permitted to testify that a person, while in possession of a slave alleged to be stolen, said that the slave belonged to him, and that he had given another person a power of attorney, and employed him to sell her. It was held that it was proper to prove what the person in possession of the slave said as to the ownership, as that was explanatory of the possession, but that his statement in regard to authorizing another to sell the slave was incompetent because it related to a past transaction, and did not constitute a part of the *res gestae.* And so, in this case, the declarations of Mr. Noblitt sought to be proved by Bair did not concern the ownership of the property in controversy, nor were they explanatory of the character of his possession. It was not an assertion of ownership on his part, nor any explanation of his possession, to agree that "the hire of such team should be credited upon his indebtedness to the witness," or that "after the rush of the season was over, he would turn over to the witness Bair a team." There was no evidence that any credit was ever given by,

or team turned over to, Bair. The statements were not in conflict with Mrs. Noblitt's ownership of or interest in the property; nor were they a claim of ownership by her husband, or any explanation of his possession; hence they were clearly incompetent.

2. The same principle disposes of the declarations of the witness Fisher. Where evidence of an act done by a party is admissible, his declarations made at the same time and in explanation thereof are also admissible, as part of the *res gestae:* 1 Rice, Ev. 384; 1 Greenl. Ev. (15 ed.), § 110. But this rule does not extend to a mere narrative of a past occurrence. The alleged statement to Fisher was made some time after the execution and delivery of the bill of sale, and did not accompany the act, but was a mere narrative of a past event, and hearsay.

3. There was no evidence as to whether Mrs. Noblitt had made and filed a list of the personal property in question, and for that reason it was not error to refuse to give the instruction as to the effect of her failure to do so. Moreover, the statute would seem to provide for the filing of such a list only when the property claimed was owned by the wife at the time of her marriage, or afterwards acquired by bequest, inheritance, or gift of some person other than her husband: Hill's Ann. Laws, § 3000. The property in controversy here was acquired by Mrs. Noblitt, if at all, by purchase, and hence does not come within the language of the statute. The other instruction requested and refused was covered by the general charge. The judgment is therefore affirmed.                                        AFFIRMED.