## CODY *v.* BLACK.

(191 Pac. 319; 192 Pac. 282.)

**Appeal and Error—Assignments of Error—When Deemed Abandoned.**

1. Assignments of error not referred to in appellant's brief will be treated as abandoned.

**Appeal and Error—Assignments of Error—Findings—Exceptions—Failure to Show.**

2. Where the record fails to disclose that appellant excepted to findings of fact made the basis of assignments of error, or that he requested different findings and excepted to the court's refusal to make them, such assignments cannot be considered.

**Boundaries — Ejectment Action—Surveyor's Plat—Evidence—Sufficiency.**

3. In an ejectment action, admission in evidence of a surveyor's plat *held* not incompetent, notwithstanding it did not appear that the surveyor had made a test of his instruments, and his chain; such facts going merely to the weight of the evidence.

### ON PETITION FOR REHEARING.

**Boundaries—Private Surveyor may Testify to a Line as Surveyed by Him.**

4. A private surveyor may testify to a line as relocated by him, he being a person having the qualifications for a witness prescribed by Section 731, L. O. L., the only difference between him and a county surveyor, under Sections 2976, 2978, being that the county surveyor may make a record, which, if conforming to the statute, may be introduced, without its author being called as a witness.

Evidence—Common Knowledge That Solar Compass is More Accurate
    Than Magnetic Compass.

5. It is common knowledge that a solar compass is more accurate
than the magnetic compass in determining courses and distances.

Boundaries—Surveyor may Testify to Knowledge Acquired Through
    Solar Compass.

6. That a surveyor's knowledge as to a line was acquired through
use of a solar compass, that is, an improved method, is no ground
for excluding his testimony.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.

This is an action in ejectment. The complaint
alleges that plaintiff is the owner and entitled to the
possession of the west one half of the southeast quar-
ter of section 24, township 29 south, range 4 west of
Willamette Meridian, and that defendant wrongfully
withholds possession thereof.

The answer denies that defendant is in possession
of the land. The real purpose of the action is to
establish the true boundary line between plaintiff's
land, above described, and defendant's land, which
is the west one half of the northeast quarter of the
same section.

By stipulation, there was a trial by the court with-
out a jury, which resulted in findings and a judgment
in favor of plaintiff, from which defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argu-
ment by *Mr. Oliver P. Coshow.*

For respondent there was a brief over the name
of *Messrs. Rice & Orcutt,* with an oral argument by
*Mr. Dexter Rice.*

BENSON, J.—1. Defendant's assignments of error
numbered 2, 3, 4 and 5, challenge the correctness of

the court's rulings in admitting certain testimony over defendant's objections. None of these assignments is referred to in defendant's briefs, and we must therefore treat them as waived and abandoned: *Donohoe* v. *Portland Ry. Co.,* 56 Or. 58 (107 Pac. 964).

2. Assignments numbered 5 and 6, charge error in the making of findings of fact numbered 2 and 5. However, the record fails to disclose that defendant excepted to either of these findings, or that he requested different findings and excepted to the refusal of the court to make them. It follows that they cannot be considered upon this appeal: *Tatum* v. *Massie,* 29 Or. 140 (44 Pac. 494); *Cassity* v. *Wilson,* 76 Or. 595 (149 Pac. 1018).

3. This brings us to assignment of error numbered 1, which is:

"The court erred in overruling defendant's objections to the testimony of the witness Frear, and the admission into the evidence of the case of the plat made by said Frear, showing the result of his survey of the premises involved: Bill of Exceptions, pp. 1, 2, 3 and 4."

An examination of the bill of exceptions shows the objections to have been directed to the admission of the plat made by the witness, based upon the ground that in making the survey, of which the plat is an exemplification, it is not shown that he had made a test of his instrument or of his chain. The witness testified that the plat was made from the field-notes of his actual survey upon the ground, and that it was in every way accurate and correct. Under these conditions it was clearly competent, and the absence of tests of his instruments and his chain would go only

to its weight and value; a subject with which, in the face of the findings, this court cannot be concerned.

AFFIRMED.    REHEARING DENIED.

The judgment of the lower court is affirmed.

McBRIDE, C. J., and HARRIS and BURNETT, JJ., concur.

---

Rehearing denied September 14, 1920.

PETITION FOR REHEARING.

(192 Pac. 282.)

On petition for rehearing.    PETITION DENIED.

*Mr. Oliver P. Coshow*, for the petition.

*Messrs. Rice & Orcutt, contra.*

BURNETT, J.—4–6. The sole plaint of the defendant's petition for rehearing is that we were wrong in disregarding his first assignment of error, reading thus:

"The court erred in overruling appellant's objections to the testimony of the witness Frear and the admission into the evidence of the case of the plat made by said Frear showing the result of his survey of the premises involved."

It will be recalled that this witness at the time he testified was a deputy county surveyor, and gave an oral account in great detail, as such witness, of how he went upon the ground equipped with a light mountain transit, found the original government monuments marking the northwest, the northeast and the southeast corners of the section in which lie the premises in dispute, as well as the original quar-

ter corners on the north and east boundaries of the section, and from them, together with other original corners in the vicinity, relocated the southwest corner and the quarter corner on the west line of the section, from which latter point he ran a straight line to the quarter corner on the east side of the section.

It is conceded that, wherever the true line is which runs from one of these quarter corners to the other, it constitutes the north boundary of the plaintiff's land for the possession of which he instituted this action. As illustrative of his testimony, Frear produced a plat of the survey he had made, and the same was admitted in evidence. He explained orally the various steps taken by him in ascertaining the lost southwest corner of the section, and how he determined the location of the quarter corner on the west side from which to run the direct line to the corresponding corner on the east side. He avowed that he ran his lines by the sun, using his instrument as a solar compass, and took no account of the variation of the magnetic needle, because none was used in the work.

Section 2976, L. O. L., reads thus:

"No surveys or resurveys hereafter made by any person, except the county surveyor or his deputy, unless attested by two competent surveyors, shall be considered legal evidence in any court within this state, except such surveys as are made by the authority of the United States, the State of Oregon, or by mutual consent of the parties."

By Section 2978 the county surveyor is required to keep an official record of all surveys, consisting of a narrative of each survey, giving with other data "the length and bearing of the lines, with the variation of the magnetic needle at which they were run," etc. According to *Sommer* v. *Compton,* 52 Or. 173

(96 Pac. 124, 1065), it is this record which constitutes the "survey or resurvey" mentioned in Section 2976. In that case a private surveyor was called to testify that he had surveyed the disputed tract, and had thereby located the lines in a position different from the official survey of the county surveyor. The testimony was rejected by the trial court and this was held erroneous on appeal.

"All persons without exception, except as otherwise provided in this chapter, who, having organs of sense, can perceive, and perceiving, can make known their perceptions to others, may be witnesses": Section 731, L. O. L.

The bone of contention at the trial of this case was the actual location on the ground of the line admitted by all to be the northern boundary of the plaintiff's land. This was controlled by measurements from known and established government monuments. Any individual, who knew where these monuments were and had made measurements between them, being otherwise competent as a witness, lawfully could testify about what he knew on the subject under consideration. In this instance the only difference between him and the county surveyor is that the latter may make a record which, if it conforms to the statute, may be introduced in evidence without its author's being called as a witness, while the private surveyor must personally testify. But that record is neither conclusive nor exclusive. If Frear knew anything material to the inquiry, he was a competent witness to say on oath what he knew and how he came to that knowledge. As the record discloses, this is what he did; and the only objection available goes merely to its weight and not to its competency. It is common knowledge that a solar

compass is far more accurate in determining courses and distances than the magnetic compass, and, in the light of *Sommer* v. *Compton*, 52 Or. 173 (96 Pac. 124, 1065), we would be going far astray from good reason if we excluded the testimony of a witness who acquired his knowledge by improved rather than by antiquated methods.

Given known government corners, any accurate measurement based upon them may be testified to by competent witnesses in aid of the court or jury in ascertaining the ultimate fact in issue. That the survey of the county surveyor is not conclusive is plain, for the reason that the statute recognizes a survey made by two competent surveyors, or one made by consent of the parties. Besides this, it does not exclude the oral testimony of any competent witness who knows facts material to the inquiry. Frear's testimony was properly admitted. The petition for rehearing is denied.

AFFIRMED. REHEARING DENIED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.