Argued September 14, affirmed September 21, 1920.

# RIDDLE *v.* ISAACS.

### (192 Pac. 398.)

**Life Estates—Life Tenant, Manager of Residuary Estate, can Contract for Possession and Improvement.**

1. Under a will giving testator's wife his residence for life, and the use and control for her life of the residue of his estate, both real and personal, with the right to expend so much thereof as she needed for her personal support and the proper care of the estate, but not to permanently dispose of or give away any part of the residue, and appointing her executrix, she might contract with another to take possession of a part of the land, plant an orchard, and improve it, at a monthly salary, all at the expense of the estate.

**Descent and Distribution—Absent Collusion, Only Personal Representative may Sue to Recover Property of Estate.**

2. As a general rule, only the executor or administrator can sue to recover property belonging to his decedent's estate, and title to such property accruing to an heir must come through the personal representative, unless he acts in collusion with a debtor to the estate, and refuses to compel the liquidation of the debt, in which case the heir may join them both, and compel the collection of the debts for the benefit of the estate, to be administered by the proper representative of the decedent.

**Fraud—Pleading by Devisees Held Insufficient to Charge Fraud by Codevisee.**

3. A complaint in a suit between devisees, alleging that defendant, in possession of lands under contract with the life tenant, appointed executrix, fraudulently represented to plaintiffs that money was required in planting an orchard, and induced them to execute notes to a bank, the proceeds of which went into the hands of defendant, who had not accounted for them, but not alleging in what respect the representations were false, or that plaintiffs had been compelled to pay the notes, was demurrable.

**Fraud—Pleading Required.**

4. To be a good pleading of fraud, the representations claimed to be false must be stated, and the truth must be averred, and it must appear that the party making them knew that they were false, and intended to perpetrate a fraud, and that they were relied on.

From Jackson: Frank M. Calkins, Judge.

Department 1.

The parties to this suit are some of the children of George W. Isaacs, deceased, who made a will dated

July 10, 1901, under which his estate has since been conducted, the second clause of which reads thus:

"I give and bequeath unto my wife, Mary A. Isaacs, my residence in the city of Medford, Oregon, for the period of her natural life. I also will and direct that she shall have, use and control during her natural life, all the rest and residue of my estate both real and personal; and she shall have the right to expend so much thereof as she may need for her own personal comfort and support, and the proper care of my estate, but shall not permanently dispose of any or give away any of the residue of my estate."

According to the admitted allegations of the complaint, Mary A. Isaacs, widow of the testator, who was appointed executrix of the will by the terms thereof, without bonds, managed the estate for several years. That pleading states that on September 2, 1915, the executrix filed what purported to be a final account, showing the receipt and expenditure of $16,555.73 received since the former accounting, September 10, 1908. It is said in general terms that the report was not that of the executrix, but was one prepared at the instance of the defendant. Wherein that account was erroneous or fraudulent is not stated. It is declared also by plaintiffs, in substance, that about January 1, 1908, the defendant, with intent to defraud the plaintiffs and other legatees and devisees under the will, persuaded the executrix to let him into the possession of a quarter-section of land belonging to the estate, and to permit him to expend the money of the estate, to sell the crops and products raised upon the land, and to retain the proceeds thereof; that he did all this without any right or license whatever, and during a long period of years has pursued that course in connec-

tion with the crops raised on the land; that he has never rendered any account or produced any vouchers to show for what purpose the money was expended; and that these amounts exceed the sum of $16,000. It is stated and admitted that certain lands of the estate have been partitioned among the children of the decedent. In addition to all this relating to the estate of the decedent, the plaintiffs make this averment:

"That the said defendant, Charles W. Isaacs, falsely and fraudulently represented to these plaintiffs that money was required to be expended in the raising of an orchard on said tract of land, falsely and fraudulently and unlawfully induced these plaintiffs to execute notes in favor of the Medford National Bank, which at this time, together with interest thereon, aggregate more than the sum of $4,300. That no part of said notes of $4,300 or proceeds thereof ever came into the possession of these plaintiffs or any one of them, and that neither of these plaintiffs had any benefit whatever from the proceeds arising from said notes, but the entire proceeds of said notes went into the hands of Charles W. Isaacs, and have never at any time been accounted for."

Alleging that the defendant has no other property except that which came to him by virtue of the partition, the plaintiffs pray that he be restrained from selling or mortgaging any of it, that upon the hearing of the case he be required to account to these plaintiffs for the money received by him, in which any of them or the estate of their deceased father shall have any right, title or interest, and for other and further relief. A general demurrer to the complaint was overruled.

The relationship of the parties, the appointment of the mother, widow of the decedent, to be executrix

without bonds, and her administration of the estate to and including September 11, 1908, are admitted. The making of the account of September 2, 1915, is admitted, and it is alleged in the answer that this was a true and genuine account of the affairs of the estate. The making of the will is admitted. The conclusions alleged in the complaint as to the effect of the will are denied. The partition of the lands is likewise admitted. The other allegations of the complaint are denied. The answer states, in substance, that it was agreed by the executrix, the plaintiffs Frank S. Isaacs and Agnes Isaacs Merrell, W. F. Isaacs, their brother, and the defendant, that the latter should take possession of the quarter-section of land mentioned, plant an orchard thereon and otherwise improve it, at a salary of $70 per month, all at the expense of the estate. He claims to have expended, in the care of the property and for other demands against the estate, upward of $12,000, together with other expenses from his own funds, and expresses a willingness to make an accounting, if the court shall find the plaintiffs to be entitled to an accounting. Much other matter is injected into the answer relating to settlements had between the parties.

The new matter was denied by the reply. The trial court entered a decree dismissing the complaint at the cost of the plaintiffs, and they have appealed.

AFFIRMED.

For appellants there was a brief over the names of *Mr. O. C. Boggs* and *Mr. Porter J. Neff,* with an oral argument by *Mr. Boggs.*

For respondent there was a brief and an oral argument by *Mr. Gus Newbury.*

BURNETT, J.—1. In this case it is only necessary to consider the general demurrer to the complaint. It will be observed that under the will the executrix has the use and control during her life of the whole estate, with the right to expend the same as she may need for her own personal comfort and support, and not only so, but for the proper care of the estate. Thus she had the power under the testamentary direction of her deceased husband to manage the estate, and it was competent for her to contract with the defendant to occupy it for that purpose. To her alone is he responsible for maladministration of the venture. Not until the death of the testator's wife, the executrix, have the plaintiffs any right to the residue of the estate.

2. As taught in *Hillman* v. *Young,* 64 Or. 73, 89 (127 Pac. 793, 129 Pac. 124), only the executor or administrator as a general rule can litigate for the recovery of the property belonging to his decedent's estate. The title to such property accruing to the heir must come through the personal representative of the deceased owner. There is an exception to this common precept pointed out in the case cited, which in substance is that, when the executor acts in collusion with the one from whom a debt or obligation is due to the estate, and refuses to compel the liquidation of such an obligation, the heir may join them both, and compel the collection of the assets for the benefit of the estate to be administered by the proper representative of the decedent. As to the property of the estate in the instant case, there is no averment anywhere in the complaint that the executrix refuses to collect what may be due from the defendant, or that she is in collusion with him for the purpose of defrauding the plaintiffs. The allegation of

the complaint here does not bring the case within the exception pointed out in *Hillman* v. *Young.* Their ancestor has prescribed the manner in which and by whom his estate shall be controlled, and the plaintiffs are bound thereby, in the absence of any allegation charging the representative with wrongdoing. To her, and not to the plaintiffs, is the defendant responsible. He is not bound, under any circumstance disclosed by the pleadings, to account to them for anything whatever belonging to the estate.

3, 4. It remains only to consider the allegation that he induced them to execute notes in favor of the Medford National Bank, as already quoted. In what respect the representation that money was required to be expended in raising the orchard was false, is not stated. Neither is there anything said respecting the representation by which they were induced to execute the notes. Nor is it shown that they have paid the notes, or have been compelled to pay them, so that no damage is shown by virtue of the transaction. In order to be a good pleading of fraud, the representations claimed to be false must be stated. The truth must be averred, so that the court may determine the falsity of the representations alleged to be fraudulent. It must appear that the individual making them knew they were false, and that he intended thereby to perpetrate a fraud; and, finally, that the party seeking to be relieved from the fraud relied upon such representations. This is the doctrine taught in *Rolfes* v. *Russell,* 5 Or. 400; *Dunning* v. *Creson,* 6 Or. 241; *Wimer* v. *Smith,* 22 Or. 469 (30 Pac. 416); *Martin* v. *Eagle Development Co.,* 41 Or. 448 (69 Pac. 216); *Bailey* v. *Frazier,* 62 Or. 142 (124 Pac. 643); *Smith* v. *Anderson,* 74 Or. 90 (144 Pac. 1158); *Waller* v. *City of New York Ins. Co.,* 84 Or.

284 (164 Pac. 959, Ann. Cas. 1918C, 139). The demurrer to the complaint should have been sustained.

The resulting decree, however, was a proper disposition of the case, and should be affirmed. It is so ordered.                                        AFFIRMED.

McBRIDE, C. J., and BENSON and JOHNS, JJ., concur.