Submitted on briefs February 2, affirmed April 4, 1922.

## TRACY *v.* JUANTO.

(205 Pac. 822.)

**Appeal and Error—Assignment, not Argued, is Deemed Waived.**

1. An assignment of error, not argued in appellant's brief, is deemed abandoned, subject to the right reserved by the court in furtherance of justice to notice on its own initiative a plain error of law apparent on the face of the record as prescribed by Supreme Court rule 12 (173 Pac. x).

Evidence—Declarations of Possessor of Personal Property Explaining Character of Possession are Admissible as Res Gestae.

2. The declarations of one in possession of personal property concerning the title or character of his possession are admissible in evidence as part of the *res gestae,* where the nature of his possession is a subject matter of inquiry.

Evidence—Declarations as to Character and Possession must not Show Source of Title.

3. Declarations by a person in possession of personal property, to be admissible, must not go beyond the title or character of the possession, and they are incompetent if they show the source or manner of acquiring the title or the details of the agreement under which the possession is held, or are a mere narrative of a past event.

Evidence—Declarations of Sheep Herder as to Ownership of the Sheep are Admissible.

4. In an action for trespass by sheep, declarations by the herder, who was in charge of the sheep while they were trespassing, that defendant was the owner of the sheep are admissible against defendant.

Evidence—Sheep Herder Held to have Possession so That His Declarations were Admissible Against Owner.

5. A herder in charge of a large band of sheep and intrusted with the duty of caring for them was in possession of the sheep, and not merely intrusted with bare custody over them, where the owner was absent and not in charge, and the sheep were not upon the owner's premises, so that the herder's declarations as to ownership of the sheep were admissible against the owner.

Evidence—Property—Rule Against Proving Agency by Declarations Does not Exclude Declarations by Herder of Sheep.

6. The rule against establishing agency by declarations of the agent does not make inadmissible declarations of a sheep herder in possession of sheep as to the ownership of the sheep, since their admissibility is based upon the presumption of ownership arising from possession, and is wholly independent of the existence of agency.

Property—Goods in Possession of Person are Presumed to bo Owned by Him.

7. Under Section 799, subdivision 11, Or. L., it is a disputable presumption that things in the possession of a person are owned by him, which is satisfactory, unless overcome by evidence.

Evidence—Declarations Accompanying Act Admissible are Res Gestæ.

8. Where evidence of an act done by a party is admissible, his declarations, made at the same time and in explanation thereof, are also admissible as part of the *res gestae.*

2. On the question of admissibility of declaration as to ownership by one in possession of personal property, see note in 49 L. R. A. (N. S.) 700.

From Lake: J. M. Batchelder, Judge.

In Banc.                              Affirmed.

For appellant there was a brief over the name of *Mr. Herbert P. Welch.*

For respondent there was a brief over the name of *Messrs. Hay & Gibbs.*

RAND, J.—This is an action to recover damages for an alleged trespass by defendant's sheep upon lands to which the plaintiff holds a possessory title. The answer denied that the trespass was committed by defendant's sheep. From a judgment in favor of the plaintiff, the defendant has appealed. There are several assignments of error in the record, but only one of these is mentioned or discussed in appellant's brief.

1. Where no argument is presented in appellant's brief upon an assignment of error, it is deemed to have been abandoned and waived: See *Miller Lum. Co.* v. *Davis,* 94 Or. 507, 515 (185 Pac. 462); *Donohoe* v. *Portland Ry. Co.,* 56 Or. 58, 61 (107 Pac. 964); *Cody* v. *Black,* 97 Or. 343, 345 (191 Pac. 319, 192 Pac. 282). This is always subject to the right reserved by the court in furtherance of justice to notice on its own initiative a plain error of law apparent on the face of the record as prescribed by rule 12 of this court.

In addition to other evidence which was offered by the plaintiff to establish the ownership of the sheep, the plaintiff over the objection of the defendant was permitted to testify to a declaration, made in the absence of the defendant by the herder of the sheep while the same were in his possession and

under his control and upon lands claimed by the plaintiff, that the defendant was the owner of the sheep. The admissibility of this testimony is the only question necessary for decision, as it is the only one discussed in appellant's brief. That declarations of this nature are admissible and competent as evidence tending to show ownership has been twice decided by this court in similar cases, and therefore this is no longer an open question in this state: *Jones Land & Livestock Co.* v. *Seawell,* 90 Or. 239 (176 Pac. 186), and *Keller* v. *Johnson,* 99 Or. 113 (194 Pac. 185).

In this behalf, appellant contends: 1. That the acts and declarations of one in possession of personal property are admissible only to explain his possession and not to prove ownership in another. 2. That a servant is not in personal possession of property but his possession is the possession of his master; and 3. That agency cannot be proven by the declarations of the agent.

2. The declarations of one in possession of personal property concerning the title or explaining the character of his possession are admissible in evidence as part of the *res gestae,* where the nature of his possession is a subject matter of inquiry. This rule is supported by a great weight of authority: See *Noblitt* v. *Durbin,* 41 Or. 555 (69 Pac. 685); *Bartel* v. *Lope,* 6 Or. 321, 327; 1 Greenl. Ev. (16 ed.), § 34; 3 Wig. Ev., § 1779; Jones' Com. on Ev. 351; *Haynes* v. *Leppig,* 40 Mich. 602; *Bradley* v. *Spofford,* 23 N. H. 444 (55 Am. Dec. 205); *Rex* v. *Eldershaw,* 14 Eng. Com. Law Rep. 628.

"Where the nature of one's possession is a subject matter of inquiry, his declarations concerning the title or explaining the character of his possession are

admissible in evidence as part of the *res gestae.*"
*Noblitt* v. *Durbin, supra.*

In *Bradley* v. *Spofford, supra,* the court said:

"Such declarations of a person in possession are
not only competent to rebut the title set up by or
under the party who made them, but are affirmative
evidence of the title in the party for whom the
person in possession declares that he holds it."

The latter case was cited in *Jones Land & Live-
stock Co.* v. *Seawell, supra,* where this court, through
the late Mr. Justice BENSON quoted the above with
approval.

3. Such declarations, to be admissible, must ac-
company the possession and must be made where
the nature of the possession is the subject of inquiry,
and must concern the title or explain the character
of the possession. They must not go beyond this.
If they show the source or manner of acquiring the
title or the details of the agreement under which the
possession is held, or are a mere narrative of a past
event, they are incompetent and inadmissible. As
said by Mr. Justice BEAN in *Noblitt* v. *Durbin, supra:*

"To be admissible, they must be such as reflect
light on or qualify the possession itself, or be so
connected therewith as to illustrate its character,"
and as illustrative of that rule, the court said, "Thus
* * it was held that it was proper to prove what
the person in possession of the slave said as to the
ownership, as that was explanatory of the posses-
sion."

4. Every person owning, or lawfully possessed of
land, has a right to know who is the owner of sheep
trespassing upon his land while in charge of a
herder, and the herder in charge is the one of whom
inquiry would most naturally be made. We think
the answer made by the herder, that the defendant

was the owner, is evidence in the nature of *res gestae* to explain his possession, and under the decisions of this court which we have cited, the evidence was clearly competent. The weight and effect to be given to such evidence is a question for the jury.

5. Ordinarily, a mere servant has the bare custody of his master's goods and deals with such goods under the immediate charge and direction of the master. In such a case the servant is not in possession of the goods; he has the mere custody only and his master has the possession. We are not dealing with a case of that character. Here a large band of sheep, comprising about 2,000 head, was in the actual possession of the herder who had been intrusted with the duty of caring for them, and the owner was absent, and not in charge or control of them, nor were the sheep upon his premises, at the time when the declaration was made. The control which the herder had over the sheep did not consist of mere custody, but he was in the actual possession of them, controlling them for the master who was absent.

In *Haynes* v. *Lepping, supra,* Mr. Chief Justice CAMPBELL held that the refusal of the court below to allow the character of the possession of personal property to be proven by the declarations, made by employees in charge, in their employer's absence, in reply to inquiries addressed to them by creditors who were about to levy on said property, was error, and said, ''We think their answers would be evidence in the nature of *res gestae* to explain the possession.''

6. It is true that the declarations of an agent are insufficient to establish the agency. But the doctrine of agency has nothing to do with the principle con-

trolling here. This principle is based upon the presumption of ownership arising from possession, and is wholly independent of the existence or nonexistence of the relationship of principal and agent.

7. It is a disputable presumption, and satisfactory unless overcome, "that things in the possession of a person are owned by him": Section 799, subd. 11, Or. L. This statute is declaratory of the rule which has always prevailed, and would prevail independent of statute, and is based upon the principle stated by Mr. Greenleaf in his work on Evidence, in Volume 1, Section 34, as follows: "As men generally own the personal property they possess, proof of possession is presumptive proof of ownership," and as stated in the note to said section, "This presumption of ownership from possession arises only when the character of the possession is wholly unexplained, that is, when the possession and nothing more appears."

As pointed out in *Bradley* v. *Spofford, supra,* under this presumption the herder's possession, if unexplained, would be evidence of ownership in himself, and in the absence of any proof to the contrary, he would be presumed to hold and claim the sheep for himself. But his declaration that the defendant was the owner of the sheep, accompanying the act of possession, shows that he held not for himself, but for the defendant.

8. Where evidence of an act done by a party is admissible, his declarations made at the same time and in explanation thereof, are also admissible, as part of the *res gestae*: 1 Rice, Ev. 384; 1 Greenl. Ev. (15 ed.), § 110; *Noblitt* v. *Durbin, supra.* From this it follows that if evidence of what the herder did at

the time was competent and proper, then his explanation of his acts was also competent and proper. For the reasons above stated, the judgment appealed from will be affirmed and it is so ordered.    AFFIRMED.